**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BARBARA LESLIE,**
**on behalf of herself and all**
**similarly-situated individuals,**

**Plaintiffs,**

**v.** **Case No.:**

**JPMORGAN CHASE & CO.**
**d/b/a CHASE BANK,**

**Defendant.**
______________________________/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BARBARA LESLIE, files the following first Class Action Complaint against WELLS FARGO BANK, N.A., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

## PRELIMINARY STATEMENT

1. Plaintiff's claim against Defendant stems from Defendant's failure to honor its obligations under both Acts and by tricking consumers, such as Plaintiff, into believing that they have received a significant loan modification as to their primary mortgage when, in fact, they have not. Instead, Plaintiff and the putative class members are actually given several small "trial modification" payments and then later surprised by much larger "balloon payments" which they cannot afford.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court as to Plaintiff's claims arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

3. In personam jurisdiction exists and venue is proper as the Defendant regularly conducts business in this district.

4. Plaintiff is a resident of this district and the alleged violations occurred here. *See* 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff is an adult individual residing within this Court's jurisdiction.

6. At all times material hereto, Plaintiff was a member of each putative class she seeks to represent.

7. Plaintiff and the putative class members are "consumers" as that term is contemplated in § 1692a of the FDCPA.

8. Defendant is a New York corporation and licensed collection agency engaged in the business of collecting debts due or alleged to be due to others across the State of Florida, with its principal place of business located in New York, New York.

9. Defendant is a "debt collector" as that term is contemplated in §1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff originally incurred a primary residence mortgage obligation to an entity that is not part of this action. Her primary residence is located 5425 Bluepoint Drive, Port Richey, FL 34668.

11. Defendant, as a debt collector, began servicing the loan.

12. Defendant, on behalf of the lender, attempted to collect the monies owed on the mortgage by offering to Plaintiff on June 15, 2016 a "trial modification", attached hereto as Exhibit A.

13. The trial modification required Plaintiff to make three consecutive, monthly payment of $2,063.40.

14. Plaintiff agreed to this modification and attempted to make the payments required under the modification.

15. Then, however, and without explanation, Defendant and the lender refused to honor the modification, instead demanding huge monthly payments far in excess of the modified $2,063.40 payments.

16. As a result, Plaintiff has fallen back into arrears and has suffered additional penalties and accrued additional interest she never would have owed had Defendant and the lender honored the modification the parties agreed to.

17. By its own actions, Defendant has violated the FDCPA, including 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

18. Plaintiff brings this action on her own behalf and on behalf of a class of persons similarly-situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(3). Specifically, Plaintiff seeks to have certified the following claims against Defendant.

19. Plaintiff seeks to have certified an "FDCPA Class" for Defendant's violations of 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10), consisting of:

> **All persons in Florida, within the applicable FDCPA statute of limitations period, Defendant offered a loan modification that it later refused to honor after the trial payments were timely made.**

## RULE 23(a) PREREQUISITES

20. Numerosity: The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiffs do not know the exact size of the Classes. Based on

information and belief, the Classes are comprised of at least hundreds of members and are geographically dispersed throughout the State as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notices.

21. Typicality: Plaintiffs' claims are typical of the other Class Members' claims. As described above, Defendant uses common practices and automated systems in committing the conduct that Plaintiffs allege damaged them and the Classes. Plaintiff seeks only statutory and damages for her class-wide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. Defendant uniformly breached the FDCPA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

22. Adequacy: Plaintiffs will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

23. Commonality: Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant's foreclosure actions violated the FDCPA. Even the appropriate amount of damages is a common question for members of each of the Classes.

**RULE 23(b) PREREQUISITES**

24. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

25. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

26. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FDCPA.

28. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution.

29. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

30. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

31. Plaintiffs intend to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

**CLASS CLAIM I – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692e(2)(A)***

32. Defendant's above actions violate 15 U.S.C. § 1692e(2)(A) as to the proposed FDCPA class because by misleading Plaintiff into making trial loan modification payments at a low rate, and then surprising Plaintiff and the FDCPA putative class with huge balloon payments, Defendant has misrepresented the character, amount, and legal status of the alleged debts at issue.

**CLASS CLAIM II – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692e(10)***

33. Defendant's above actions violate 15 U.S.C. § 1692e(10) as to the proposed FDCPA class because by misleading Plaintiff into making trial loan modification payments at a low rate, and then surprising Plaintiff and the FDCPA putative class with huge balloon payments, Defendant is utilizing false representations and deceptive means to collect or attempt to collect debts.

**FDCPA PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff requests that judgment be entered for herself and the putative classes against Defendant, and that this Honorable Court order the following:

a. Certification of this action to proceed as a class action;

b. Award of statutory damages to the Plaintiff and the class as provided in 15 U.S.C. § 1692k(a)(2)(B);

c. Entry of a Declaratory Judgment that the challenged practices herein violate the FDCPA;

d. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a);

e. Such other and further relief as the court deems just and equitable.

**JURY DEMAND**

Plaintiff and the putative class members demand trial by jury of all claims so triable.

Dated this 28th day of March, 2017.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave.
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**

# EXHIBIT A

Chase
P.O. Box 469030
Glendale, CO 80246-9030

CHASE

June 15, 2016

Barbara Leslie
c/o Michael Wasylik
PO BOX 2245
Dade City, FL 33526-0000

**You're preapproved for a mortgage modification that could lower your payments**

| | |
|---|---|
| Account: | 634737464 |
| Property Address: | 5425 Bluepoint Drive<br>Port Richey, FL 34668-0000 |
| Customer Name(s): | Barbara Leslie |

Dear Barbara Leslie:

You've been preapproved for a mortgage modification that could lower your monthly payments and help you avoid foreclosure. All you have to do is:

- Send in all of your payments by the due dates listed on the Trial Period Plan payment schedule. If we don't receive your payments on time, you won't receive a permanent modification, meaning your loan may be subject to collection activity and/or foreclosure proceedings and your home may be sold at a foreclosure sale. Your pre-modification loan requirements will remain in effect and unchanged during the trial period.
- Call us to accept this offer by June 29, 2016.
- If your home is in a flood zone, maintain enough flood insurance coverage on it.
- Meet all other requirements described in this letter.

Before we can modify your loan, you'll need to call us to accept this offer by June 29, 2016, successfully complete a Trial Period Plan by making on-time, trial period payments instead of your regular mortgage payments and complete the other terms of your trial plan.

Here are the Trial Period Plan payment amounts and due dates we're offering you:

| Trial Payment Due Date | Amount |
|---|---|
| 1st payment: 7/1/2016 | $2,063.40 |
| 2nd payment: 8/1/2016 | $2,063.40 |
| 3rd payment: 9/1/2016 | $2,063.40 |

These payments will replace your current monthly mortgage payments. Be sure to send them by the due date each month to help ensure you're eligible for a permanent modification.

If your last trial period payment is made in the last half of the month it is due, we may extend your Trial Period Plan by an extra month.

Important Notice: In order to remain eligible for this loan modification, send us only the Trial Period Plan

amount by the trial plan due date listed. If we receive more than the Trial Period Plan amount, it could put your loan in jeopardy of not qualifying for the program under the investor/insurer guidelines.

If we receive contractual payments before the first trial payment due date, we'll credit them to your account, but they won't count as trial period payments.

To complete your modification, we may need clear title to your property, which means that you have ownership of the property and there are no other liens against the property or payments owed that would result in our lien not being fully enforceable or losing its first lien position. We'll also need to confirm the marital status of each person named on the title.

**You'll need to contact us by phone or mail to accept this offer by June 29, 2016, and send in your payment by July 1, 2016.**

If this is your primary residence, we may be able to offer you a mortgage modification under the Federal Home Affordable Modification Program (HAMP) with a lower monthly payment. We must receive a complete application, which includes copies of all required financial documents, by August 6, 2016, to see if you're eligible. If you complete your trial payment plan as required under the terms of this agreement and qualify for HAMP, we'll finalize your modification using the HAMP terms and you won't need to complete a new trial payment period.

If you send us a complete application after you've accepted this offer and made your first trial payment, we'll only review you for HAMP and not for any other mortgage assistance options for which you may be eligible. Please send us a complete application before making your first trial payment if you would like to be reviewed for all assistance options.

If we don't receive a complete application by August 6, 2016, or if we receive your final trial plan payment before a complete application, we'll finalize the modification described in this letter. This means that we won't review your eligibility for the HAMP modification or other mortgage assistance options for which you may be eligible.

If you already sent us a complete application or plan to do so before making your first trial payment, we'll evaluate you for all mortgage assistance options, including the HAMP modification.

You can visit chase.com/MortgageAssistance for more information and to download the required forms, or call us at one of the numbers below to request an application package.

During the trial period, your payments may be different than the normal monthly amount listed on your mortgage documents. We may continue to report your loan as delinquent to the credit reporting agencies, depending on your delinquency status when you begin the trial period, even if you make your trial period payments on time.

**Incentives**

Incentives may be available in connection with a HAMP modification if you return a complete application with all financial documents and qualify for a HAMP modification. To discuss other mortgage assistance options that may be available, including the HAMP modification, please call us at one of the numbers below.

If you previously received a HAMP modification and you accept this trial plan, you'll no longer be eligible to receive any incentives you may have qualified for as part of an earlier HAMP modification, even if you don't receive a final modification. Also, if you enter into a new final modification, its terms and conditions (including payment amount and interest rate) will replace those of any previous final modification.

After you make all trial period payments and comply with all terms of this offer, which may include increasing your flood insurance coverage, we'll send you a final modification agreement for you to sign and return.

If you complete all the terms of the trial period, we'll modify the term of your loan and change the interest rate to a fixed 3.625% rate. This may change your monthly payment to a new amount for the term of your loan. Your payment may be different than the Trial Period Plan payments because of your monthly escrow amount for taxes and/or insurance.

You may also be eligible to have some of your principal balance moved to the end of your loan term. We won't charge interest on this amount and you won't have to pay it until the end of your term, you sell or transfer your interest in the property or you refinance.

We want to help you keep your home and avoid foreclosure. **If you don't contact us by June 29, 2016, you may not be considered for a modification and your home may go into a foreclosure sale.** If you have any questions, please call us at one of the numbers below.

Sincerely,

Debbie Lugo
Customer Assistance Specialist
Chase
1-877-496-3138 ext. 3259927
1-800-582-0542 TTY
1-866-282-5682 Fax (Free of charge from any Chase branch)
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando a uno de los números indicados anteriormente de lunes a jueves de 8 a.m. a la medianoche, viernes de 8 a.m. a 10 p.m. y sábados de 8 a.m. a 1 p.m., hora del Este.

Enclosed:
- Frequently Asked Questions
- Additional Trial Period Plan Information and Legal Notices
- Payment Coupons

CR45418
BA035

**Important Legal Information**

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, to the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code ("the Bankruptcy Code"), this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

If you or any occupant of your home are or recently were on active duty or active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. You may also be eligible for benefits and protections under state law or Chase policy. SCRA and state Military benefits and protections also may be available if you are the dependent of an eligible Servicemember. Servicemember interest rate benefits under the Servicemembers Civil Relief Act don't allow you to defer payments. Be sure to make monthly payments on time.

Eligible service may include:

- Active duty with the Army, Navy, Air Force, Marine Corps, or Coast Guard, or
- Active service as a commissioned officer of the National Oceanic and Atmospheric Administration, or
- Active service as a commissioned officer of the Public Health Service, or
- Service with the forces of a nation with which the United States is allied in a war or Military action, or
- Service with the National Guard or a state militia under a state call of duty, or
- Any period when you are absent from duty because of sickness, wounds, leave, or other lawful cause.

For more information, please call Chase Military Services at 1-877-469-0110.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20006.

LENDER JPMorgan Chase Bank, N.A. ©2016 JPMorgan Chase & Co.

Frequently Asked Questions

**What is a mortgage modification?**
A mortgage modification permanently changes the terms of your loan, and may help to make your payments more affordable for the life of the loan. You have an opportunity to modify your loan as long as you successfully complete all the terms of the trial period.

**Why are you offering me this option?**
We want to continue to work with you to determine a long-term solution to avoid foreclosure. We know many homeowners are having difficulty with their mortgage payments and need assistance. That's why we're offering you preapproval for a mortgage modification. Our goal is to help make your mortgage more affordable and, most importantly, help you keep your property and avoid foreclosure.

**What are the benefits of a mortgage modification?**
A mortgage modification offers you a permanent long-term solution to make your mortgage more affordable.

**Is there a trial period I have to complete?**
Yes. You'll be required to complete a trial period before entering into a permanent modification agreement. We won't permanently modify your loan until you:

- Meet all of the terms of the trial period,
- Have a flood insurance policy and coverage amount that meets our requirements, if your property is in a flood zone where this is necessary, and
- Enter into a modification agreement.

**Why is there a trial period?**
The trial period may offer you immediate payment relief, potentially prevents a foreclosure sale, and gives you time to make sure you can manage your new monthly mortgage payment. Please remember that this is only a temporary Trial Period Plan. Your existing loan and loan requirements stay the same during the trial period.

**How much are my Trial Period Plan payments and when are they due?**
Your payment amount and the day each month that your payment is due during the trial period is listed in the cover letter of this package.

**What happens if I don't complete the Trial Period Plan or if my loan becomes past due after it's modified?**
If you don't accept this offer by June 29, 2016, make the specified Trial Period Plan payments in full by the due date on the Trial Period Plan payment schedule, or meet any of the other plan requirements, you won't qualify for a permanent modification and won't be allowed to enter into the permanent modification associated with this offer. If your loan becomes past due after you successfully complete the trial period and enter into a permanent modification, you may not be eligible for another loan modification. But we'll look at other options that may help you avoid foreclosure, including selling your home for less than the balance on the loan or releasing the property instead. If another option can't be found, we'll need to begin or continue foreclosure proceedings.

**What happens if I misstate or misrepresent my information/documentation?**
If you have intentionally misrepresented any facts on any of the forms or documents you send us to show your status, financial information or hardship, the Trial Period Plan and any permanent modification may be canceled, and we may begin or continue foreclosure proceedings. Additionally, knowingly submitting false information may violate federal law.

**If I receive a mortgage modification, will the credit reporting for my mortgage be affected?**
If your mortgage isn't up to date when you begin a Trial Period Plan, we'll report your mortgage as being past due to the credit reporting agencies during the plan. If you make each trial payment on time, we'll make a special comment that you're paying under a partial payment agreement. If we permanently modify your loan, we'll report the mortgage status and make a special comment that you are paying under a modified payment agreement. Completing a modification does not change previous adverse credit

1684311002003000190б

reporting. For more information about your credit score, go to consumer.ftc.gov and click the "Money and Credit" tab, then "Credit and Loans," and then "How Credit Scores Affect the Price of Credit and Insurance."

**What else should I know about this offer?**

- If you call us to accept this offer by June 29, 2016, make your trial payments on time and meet all of the other requirements for this offer, we won't conduct a foreclosure sale.
- You won't be charged any fees for this Trial Period Plan or final modification.
- If your loan is modified, we'll waive all unpaid late charges.
- Reinstating your loan during the trial period could put your loan in jeopardy of not qualifying for the program under the investor/insurer guidelines.
- Making contractual payments could put your loan in jeopardy of not qualifying for the program under the investor/insurer guidelines.

**Why do I need to increase my flood insurance coverage if my loan is permanently modified?**
If you're required to have flood insurance, federal law requires your flood insurance coverage amount to be reviewed before a permanent loan modification can be completed. You may need to increase your coverage amount if, for example, the principal balance of your loan increases because of the mortgage modification.

**How was my new payment in the trial period determined?**
Your Trial Period Plan payment is based upon a variety of factors, including the current value of your property, the unpaid loan balance and the amount past due. This information is used to provide the most affordable terms. The modified monthly payment should be enough to pay your modified principal and interest, as well as escrow amounts to cover your property taxes, insurance premiums and other permissible escrow fees based on our current escrow analysis. Your modified monthly payment may change if your property taxes and insurance premiums change, as permitted by law. If you didn't have an escrow account before, you'll be required to establish an escrow account. Due to the timing of your tax and insurance payments, we have determined that there was a projected shortage of funds in your escrow account at time of trial approval in the amount of $8,396.53. This amount was calculated to be repaid over a 5-year (60-month) period and has been included in the payment stated above. If you wish to pay the total shortage now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.

There may be additional escrow disbursements that accrue during your trial period. Repayment of these additional escrow disbursements may be included in the capitalized principal balance and will be spread over a 5-year (60-month) period as determined by the escrow analysis that will be performed after the completion of the modification. This additional escrow advance accrual may increase your total monthly mortgage payment. If you wish to pay the total advance now in a lump sum, please contact us. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.

**When will I know if my mortgage can be modified permanently and how will the modified loan balance be determined?**
Once you accept this offer, make all of your Trial Period Plan payments on time and complete the terms of your trial period, we'll send you a modification agreement explaining the terms of the modified loan. The modification agreement will become effective once it's been signed by both you and us and, if applicable, when we've approved your flood insurance coverage amount. We'll add any difference between the amount of the Trial Period Plan payments and your regular mortgage payments to the balance of your loan, along with any other past-due amounts, as permitted by your loan documents. While this will increase the total amount due, it shouldn't significantly change the amount of your modified mortgage payment.

**Will my interest rate and principal/interest payment be fixed after my loan is permanently modified?**
Once your loan is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your mortgage. Your new monthly payment will also include an escrow amount for property taxes, hazard insurance and other escrowed expenses, but we'll let you know the amount to include with your monthly payment.

**When I complete the Trial Period Plan, can I prepay on my mortgage?**
After you make all of the Trial Period Plan payments and we complete the permanent modification of your mortgage loan, you can send your monthly payments before they're due without restrictions or penalties.

## Additional Trial Period Plan Information and Legal Notices

The terms of this offer are accepted and the terms of your Trial Period Plan are effective on the day you make your first Trial Period Plan payment, provided you have paid it on or before July 1, 2016. By accepting this offer, you and we agree that:

- Any pending foreclosure action or proceeding that has been suspended may be immediately resumed if: (1) you don't call us to accept this offer by June 29, 2016, (2) you don't accept this offer by making your first Trial Period Plan payment by July 1, 2016, (3) you don't make all other Trial Period Plan payments by the dates listed in the Trial Period Payment Plan Schedule or (4) you don't meet any of the other terms of the trial plan, including having the required amount of flood insurance coverage on the property. In the event of (1), (2), (3) or (4), you won't qualify for a permanent modification. No new notice of intent to accelerate, acceleration warning or similar notice will be sent to you before continuing with the foreclosure action to the extent permitted by applicable law.

**If you are completing the terms of the Trial Period Plan, we won't proceed to foreclosure sale during the trial period.**

**During the trial period, we may accept and post your Trial Period Plan payments to your account and it won't affect any foreclosure proceedings that have already been started.**

- You agree that we may hold the Trial Period Plan payments in an account until there's enough to pay each of your monthly trial payment obligations. You also agree that we won't pay you interest on the amounts held in the account. Any amounts remaining at the end of the trial period will be applied to any outstanding amounts due at the end of the trial period, which will reduce the amount added to the principal balance of your modified loan.
- Our acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your loan or foreclosure action and related activities, and shall not constitute a cure of your default under your loan unless the payments are sufficient to completely cure your entire default under your loan.

**If your monthly payment didn't include escrows for taxes and insurance, we've established an escrow account for these items.**

- Any previous agreement to remove an escrow account for your loan to let you pay your taxes and/or insurance directly has been revoked. You agree to pay required escrows into that account.

**Your current loan documents remain in effect, but you can make the Trial Period Plan payments instead of the payments required by your loan documents.**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

**The offer for a Trial Period Plan will be rescinded if an error is detected.**

- You agree that if an error in the terms of the Trial Period Plan or in our determination of your eligibility is detected after we send you the Trial Period Plan Notice, the Trial Period Plan will be void and of no legal effect once we let you know about the error. You understand that a corrected Trial Period Plan will be provided only if we determine that you're still eligible for a loan modification after the error is corrected.

## Possible Mortgage Assistance Options

### Mortgage Modification
**Overview:** A modification is a change to the terms of your mortgage loan and may lower the monthly payment amount or interest rate.
**Benefit:** This option permanently changes the mortgage loan and may make your payments or terms of the loan more affordable.

### Reinstatement
**Overview:** Pay the total amount due in one lump sum payment by a specific date. This may follow a forbearance plan, which is described below.
**Benefit:** Allows you to bring your mortgage loan up to date and avoid foreclosure if you can show that you will have enough funds available by a specific date.

### Repayment Plan
**Overview:** Pay back the past-due amount with your regular payments over an extended period of time. This means your monthly payments will be higher than normal as part of a repayment plan. You may also be required to make an initial down payment (or contribution) to get started.
**Benefit:** Allows you time to catch up on past-due payments over a specific period of time.

### Forbearance Plan
**Overview:** Make reduced mortgage payments or stop making payments for a specific period of time.
**Benefit:** Allows you time to improve your financial situation.

### Short Sale
**Overview:** Sell the property for less than the balance remaining on your mortgage. Based on your financial situation, you may be required to make a cash contribution and/or execute a promissory note to be eligible for this option.
**Benefit:** Allows you to move out of the property and avoid foreclosure. In some cases, relocation assistance may be available.

### Deed-in-Lieu of Foreclosure
**Overview:** Transfer the ownership of the property to us. Based on your financial situation, you may be required to make a cash contribution and/or execute a promissory note to be eligible for this option.
**Benefit:** Allows you to move out of the property and avoid foreclosure. In some cases, relocation assistance may be available.

16843110020030001908

CHASE

Make your payments on time!
Send your payments by the due dates listed on each payment slip below for your new payment to be permanent.

---

Clip and return this portion with your FIRST payment

## FIRST PAYMENT

Mail your first payment to the address below by July 1, 2016.

ACCOUNT NUMBER 634737464
Barbara Leslie

FIRST PAYMENT AMOUNT:

$____________________

Chase
MS: GSESol
Mail Code: OH4-7387
3415 Vision Dr.
Columbus, OH 43219-6009

Make check payable to: **Chase**
If you have any questions, please call us at 1-877-496-3138 ext. 3259927.
Please allow 7 to 10 days for postal delivery.

---

Clip and return this portion with your SECOND payment

## SECOND PAYMENT

Mail your second payment to the address below by August 1, 2016.

ACCOUNT NUMBER 634737464
Barbara Leslie

SECOND PAYMENT AMOUNT:

$____________________

Chase
P.O. Box 9001871
Louisville, KY 40290-1871

Make check payable to: **Chase**
If you have any questions, please call us at 1-877-496-3138 ext. 3259927.
Please allow 7 to 10 days for postal delivery.

---

Clip and return this portion with your THIRD payment

## THIRD PAYMENT

Mail your third payment to the address below by September 1, 2016.

ACCOUNT NUMBER 634737464
Barbara Leslie

THIRD PAYMENT AMOUNT:

$____________________

Chase
P.O. Box 9001871
Louisville, KY 40290-1871

Make check payable to: **Chase**
If you have any questions, please call us at 1-877-496-3138 ext. 3259927.
Please allow 7 to 10 days for postal delivery.